UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY DIBENEDETTO, et al.,

                Plaintiffs,

v.

THE STOP & SHOP SUPERMARKET
COMPANY LLC, et al.,

                Defendants.

Civil Action No. 14-7511 (MAS) (TJB)

**MEMORANDUM ORDER**

      This matter comes before the Court following its December 9, 2014 Order to Show Cause why the action should not be remanded for failure to comply with removal procedures. (ECF No. 5.) On December 17, 2014, Defendant The Stop & Shop Supermarket Company LLC ("Stop & Shop") filed a response ("Response"). (ECF No. 6.) Plaintiffs filed correspondence in support of remand. (ECF No. 7.) The Court, having considered the parties' arguments and having reviewed the Notice of Removal (ECF No. 1), the Court finds that Stop & Shop has failed to comply with the procedures for removal set forth in 28 U.S.C. § 1446(b)(2)(a). Accordingly, the Court remands pursuant to § 1447(c).

      "[I]t is well established that removal generally requires unanimity among the defendants." *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition . . . .")). Plaintiffs' state-court complaint brings suit against Stop & Shop, Heather Peterson, and Kelly Robicheau ("Defendants"). Stop & Shop, however, in its Notice of Removal to this Court, does not assert removal on behalf of all Defendants, much less mention its co-defendants or even include them in the caption. (Notice of Removal, ECF No. 1.)

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 23rd day of December, 2014, **ORDERED** that this action is REMANDED to the Superior Court of New Jersey, pursuant to 28 U.S.C. § 1447.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
